[Cite as *State v. Tutt*, 2021-Ohio-96.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

PREBLE COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2020-02-002 |
| | : | O P I N I O N |
| - vs - | | 1/19/2021 |
| | : | |
| DEVIN MICHAEL TUTT, | : | |
| Appellant. | : | |


CRIMINAL APPEAL FROM PREBLE COUNTY COURT OF COMMON PLEAS
Case No. 19 CR 13095


Dave Yost, Ohio Attorney General, Martin Votel, Preble County Prosecuting Attorney, Andrea K. Boyd, Special Prosecuting Attorney, 150 East Gay Street, 16th Floor, Columbus, Ohio 43215, for appellee

Kim Bui, 8050 Beckett Center Drive, Suite 116, West Chester, Ohio 45069, for appellant


**HENDRICKSON, P.J.**

{¶1}   Appellant, Devin Michael Tutt, appeals from his conviction in the Preble County Court of Common Pleas following his guilty plea to two counts of rape. For the reasons set forth below, we affirm his conviction.

{¶2}   Appellant was charged by a bill of information with two counts of rape in violation of R.C. 2907.02(A)(2), felonies of the first degree. Count one alleged that on or about August 6, 2019, in Preble County, Ohio, appellant unlawfully engaged in sexual

conduct with D.F., born on November 12, 2005, by purposefully compelling D.F. to submit by force or threat of force. Count two alleged that on or about April 16 or 17, 2019, in Preble County, Ohio, appellant unlawfully engaged in sexual conduct with R.C., born on September 9, 2003, by purposefully compelling R.C. to submit by force or threat of force.

{¶3} On September 3, 2019, appellant waived his right to have the case presented to a grand jury and informed the trial court of his intent to plead guilty to both counts of rape. At this time, appellant signed a "Defendant's Plea of Guilty to the Indictment and Waiver of Rights" form, in which he was advised that he faced a prison term of "3-11 years" on each count. The trial court conducted a plea colloquy as required by Crim.R. 11(C)(2). During the colloquy, the trial court advised appellant that because his offenses occurred after the effective date of Senate Bill 201, commonly known as the Reagan Tokes Act, the maximum penalty for each offense was 11 years, plus an additional five-and-one-half years depending upon his behavior in prison. The court went on to explain that "the maximum penalty could be as much as sixteen and a half years [with] [b]oth of these charges * * * run consecutively to one another, so that the total would be thirty-three years." Appellant indicated he understood the penalties he faced and entered a guilty plea to both rape offenses. The trial court accepted appellant's plea, found him guilty, ordered a presentence investigative report (PSI), and set the matter for sentencing.

{¶4} When the sentencing hearing commenced on January 29, 2020, the trial court began the hearing by advising appellant that it had overstated the maximum penalty appellant faced for his convictions. The court explained that under the Reagan Tokes Act, the maximum aggregate penalty appellant faced would be a total of 27.5 years, comprised of "eleven years plus eleven years plus five and a half years," rather than the previously stated 33 years. Appellant indicated he understood the possible maximum penalty available under the Reagan Tokes Act. The court then asked defense counsel if that

information changed appellant's position or if he was still ready to move forward with sentencing. Defense counsel advised that he had explained the sentence to appellant, that appellant understood the possible sentence that could be imposed, and that appellant was ready to proceed with sentencing. After reviewing appellant's sentencing memorandum, the PSI, and a physiological evaluation, considering letters written by family members and friends of the victims and of appellant, and hearing from defense counsel, appellant, and the victims and their representatives, the trial court imposed 11-year minimum prison sentences on each rape offense and ran them consecutively to one another. In light of the Reagan Tokes Act, as both rape offenses were qualifying felony offenses of the first degree, the court also imposed an additional 5.5-year prison term as part of the maximum sentence, for an aggregate, indefinite prison term of 22 to 27.5 years.

{¶5} Appellant appealed, raising the following as his sole assignment of error:

{¶6} THE TRIAL COURT'S SENTENCE SHOULD BE VOIDED AND THE CONVICTION SHOULD BE VACATED, AS THE TRIAL COURT ERRED IN SENTENCING THE DEFENDANT TO A CONSECUTIVE INDETERMINATE SENTENCE WHEN THE WAIVER FORM MADE NO REFERENCE TO THE REAGAN TOKES LAW AND ITS POTENTIAL IMPACT ON THE DEFENDANT'S PLEA AND SENTENCE.

{¶7} Appellant argues that his plea and sentence should be vacated because he "did not sign a written waiver indicating that he understood the impact of the new indeterminate sentencing law prior to entering his guilty plea." He contends that withdrawal of his plea is proper under Crim.R. 32.1 as a manifest injustice has occurred as a result of the Reagan Tokes Act "not [being] referenced in writing for the Defendant to review and sign with his counsel."

{¶8} As an initial matter, we note that appellant did not move the trial court to withdraw his plea pursuant to Crim.R. 32.1. "It is well-settled that issues not raised in the

trial court may not be raised for the first time on appeal." *State v. Guzman-Martinez*, 12th Dist. Warren No. CA2010-06-059, 2011-Ohio-1310, ¶ 9. *See also State v. Awan*, 22 Ohio St.3d 120, 123 (1986); *State v. Childs*, 14 Ohio St.2d 56 (1986), paragraph three of the syllabus. Therefore, to the extent that appellant argues his plea should be vacated pursuant to Crim.R. 32.1, appellant's arguments have been waived and will not be considered for the first time on appeal. *See, e.g., State v. Floyd*, 4th Dist. Lawrence No. 10CA14, 2011-Ohio-558, ¶ 10 (finding that appellant's failure to seek withdrawal of his plea with the trial court precluded the appellate court from reviewing the issue for the first time on appeal).

{¶9} To the extent that appellant suggests his plea was not knowingly or voluntarily entered because he did not receive written notice of the maximum sentence possible under the Reagan Tokes Act and because the trial court misstated the possible maximum sentence during the plea colloquy, we find no merit to appellant's arguments.

{¶10} The Reagan Tokes Act became effective on March 22, 2019. *See* Am.Sub.S.B. 201. Under the law, qualifying first- and second-degree felonies committed on or after March 22, 2019 are now subject to the imposition of indefinite sentences. The indefinite terms consist of a minimum term selected by the sentencing judge from a range of terms set forth in R.C. 2929.14(A) and a maximum term determined by a statutory formula set forth in R.C. 2929.144. The maximum term is 50 percent of the minimum term plus the minimum term. When consecutive sentences are being imposed, a court must add all the minimum terms for the qualifying first- and second-degree felonies and the definite terms for the remaining, nonqualifying felonies that are to be served consecutively, "and the maximum term shall be equal to the total of those terms so added by the court plus fifty percent of the longest minimum term or definite term for the most serious felony being sentenced." R.C. 2929.144(B)(2).

{¶11} An offender sentenced under the Act has a rebuttable presumption of release

- 4 -

at the conclusion of the offender's minimum term. *See* R.C. 2967.271(B). However, the Ohio Department of Rehabilitation and Correction may rebut that presumption and keep the offender in prison for an additional period not to exceed the maximum term imposed by the sentencing judge. R.C. 2967.271(C).

{¶12} Contrary to appellant's assertions, there is no requirement under the Reagan Tokes Act that an offender acknowledge in writing the potential maximum sentence that could be imposed under the act. A trial court is entitled to accept a defendant's guilty plea after conducting a Crim.R. 11(C) colloquy in which it informs the defendant of the charges against him, the maximum sentence he faces, and the constitutional rights he waives by foregoing a trial.

{¶13} There is no dispute that at the time the trial court accepted appellant's guilty plea, the court mistakenly overstated the maximum sentence that could be imposed under the Reagan Tokes Act, informing appellant the maximum sentence that could be imposed was "sixteen and a half years [with] [b]oth of these [rape] charges * * * run consecutively to one another, so that the total would be thirty-three years." The trial court realized its mistake at appellant's sentencing hearing and before imposing a sentence, corrected its advisement of the potential maximum sentence that could be imposed. After advising appellant that the maximum aggregate penalty he faced was a total of 27.5 years, comprised of "eleven years plus eleven years plus five and a half years," the court gave appellant the opportunity to "change his position" on moving forward with his guilty plea. Appellant declined and, through his counsel, indicated that he wished to proceed with sentencing. Appellant now challenges the validity of his guilty plea.

{¶14} In a recent opinion, *State v. Dangler*, Slip Opinion No. 2020-Ohio-2765, the Ohio Supreme Court addressed a trial court's compliance with Crim.R. 11(C) and how best to review a trial court's plea colloquy to ensure that a defendant's plea was knowingly and

voluntary entered.  The court first explained that "[w]hen a criminal defendant seeks to have his conviction reversed on appeal, the traditional rule is that he must establish that an error occurred in the trial-court proceeding and that he was prejudiced by that error."  *Dangler* at ¶ 13.  The court then recognized two limited exceptions to the prejudice component of the traditional rule.   The first exception occurs "[w]hen a trial court fails to explain the constitutional rights [set forth in Crim.R. 11(C)(2)(c)] that a defendant waives by pleading guilty or no contest[.]"  *Id.* at ¶ 14.  When this occurs, "we presume that the plea was entered involuntarily and unknowingly, and no showing of prejudice is required."  *Id.*  The second exception occurs as a result of the "a trial court's *complete* failure to comply with a portion of Crim.R. 11(C)."  (Emphasis sic.)  *Id.* at ¶ 15.  This, too, "eliminates the defendant's burden to show prejudice."  *Id.*

{¶15}   However, "[a]side from these two exceptions, the traditional rule continues to apply:  a defendant is not entitled to have his plea vacated unless he demonstrates he was prejudiced by a failure of the trial court to comply with the provisions of Crim.R. 11(C)."  *Id.* at ¶ 16.  "The test for prejudice is whether the plea would have otherwise been made."  *Id.* The supreme court, therefore, set forth the following inquiry for courts to employ in examining a challenge to a plea:  "Properly understood, the questions to be answered are simply:  (1) has the trial court complied fully with the relevant provisions of the rule? (2) if the trial court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden?"  *Id.* at ¶ 17.

{¶16}   Applying the test set forth in *Dangler* to the situation before us, we find that though the trial court failed to fully comply with Crim.R. 11(C)(2)(a) as it incorrectly advised appellant of the maximum penalty he faced, the trial court's failure is not the type of failure that excuses appellant from demonstrating prejudice.  As we have previously recognized,

"a trial court's mention of a component of the maximum penalty during a plea colloquy, albeit incomplete or perhaps inaccurate, does not constitute a complete failure to comply with Crim.R. 11(C)(2)(a)." *State v. Fabian*, 12th Dist. Butler No. CA2019-11-194, 2020-Ohio-4102, ¶ 19. Appellant, therefore, is required to show that he was prejudiced by the court's misstatement of the maximum penalty he faced and that he would not have entered a guilty plea if he had been properly advised of the potential maximum sentence.

{¶17} We find that appellant is unable to establish any prejudice by the court's overstatement of the maximum penalty. As the supreme court explained, "[p]rejudice must be established "'on the face of the record.'" *Dangler*, 2020-Ohio-2765 at ¶ 24, quoting *Hayward v. Summa Health Sys./Akron City Hosp.*, 139 Ohio St.3d 238, 2014-Ohio-1913, ¶ 26. Here, appellant voluntarily entered a guilty plea when he believed he faced a maximum 33-year prison term and there is nothing in the record to suggest that he would not have entered that plea if he had been advised that the maximum sentence he faced was, in fact, five-and-one-half years shorter. In fact, when appellant was advised by the trial court of the court's overstatement of the maximum prison sentence and that he faced a 27.5 year sentence, rather than a 33 year sentence, appellant and his counsel confirmed that appellant understood this penalty, that appellant did not wish to "change his position" or withdraw his plea, and that he wished to proceed with sentencing. Given these facts, appellant has not established prejudice and he is not entitled to have his guilty plea vacated for a failure to comply with Crim.R. 11(C).

{¶18} Appellant's sole assignment of error is overruled.

{¶19} Judgment affirmed.

S. POWELL, and M. POWELL, JJ., concur.