[Cite as *State v. Tutt*, 2023-Ohio-2819.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

PREBLE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2022-04-005 |
| | | CA2022-08-015 |
| | : | |
| - vs - | | O P I N I O N |
| | : | 8/14/2023 |
| DEVIN MICHAEL TUTT, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM PREBLE COUNTY COURT OF COMMON PLEAS
Case No. 19 CR 13095

Repper-Pagan Law, Ltd., and Christopher J. Pagan for appellant.

David A. Yost, Ohio Attorney General, and Andrea K. Boyd, Assistant Attorney General, for appellee.

**PIPER, J.**

{¶ 1} On September 3, 2019, Devin Tutt pled guilty to two counts of rape, both felonies of the first degree, in violation of R.C. 2907.02(A)(2). The trial court sentenced Tutt to consecutive prison terms for an aggregate, indefinite prison sentence of 22 to 27.5 years. Tutt appealed and argued that he should be permitted to withdraw his guilty plea because "he did not sign a written waiver indicating that he understood the impact of the new indeterminate sentencing law prior to entering his guilty plea." On January 19, 2021, this

court issued a decision affirming Tutt's convictions. *State v. Tutt*, 12th Dist. Preble No. CA2020-02-002, 2021-Ohio-96.[1]

**{¶ 2}** On April 19, 2021, Tutt sought to reopen his appeal based on ineffective assistance of appellate counsel. Tutt argued his appellate counsel failed to raise an issue regarding the trial court's failure to comply with the R.C. 2929.12(B)(2)(c) Reagan Tokes notifications. This court granted the application for reopening and sustained Tutt's assignment of error. *State v. Tutt*, 12th Dist. Preble No. CA2020-02-002 (Judgment Entry Reopening Appeal and Remanding to Trial Court) (July 15, 2021). We remanded the case for a limited purpose "to allow the trial court to give the required R.C. 2929.19(B)(2)(c) notifications." Our entry specifically stated that this court's order "shall not affect the validity of Tutt's convictions or any other aspect of his sentence." *Id.*

**{¶ 3}** On November 3, 2021, the trial court held a hearing. During the hearing, the trial court provided Tutt with the mandatory Reagan Tokes notifications. Afterwards, Tutt's counsel indicated that there was nothing further with regard to the advisement. However, Tutt's counsel then stated that he wished to preserve objections to the constitutionality of the Reagan Tokes Act and that he did not believe that consecutive sentences were appropriate in this case.

**{¶ 4}** On March 10, 2022, the trial court entered a "Notice Regarding the Reagan Tokes Entry" indicating it had provided Tutt with the required notifications. On July 15, 2022, Tutt filed a motion requesting the trial court issue a full sentencing entry that complied with Crim.R. 32(C).[2] On August 10, 2022, the trial court granted Tutt's motion for an all-

_____

1. This court noted, however, that Tutt did not move to withdraw his plea pursuant to Crim.R. 32.1. Nevertheless, this court considered Tutt's suggestion that his plea was not knowingly or voluntarily entered.

2. Crim. R. 32(C) provides that a "judgment of conviction shall set forth the fact of conviction and the sentence." In his motion, Tutt attached a copy of an entry issued by this court in which the magistrate indicated

encompassing entry and incorporated the Crim.R. 32(C) elements in a final judgment entry reflecting that the Reagan Tokes notifications had been provided.[3] Tutt now appeals, raising two assignments of error for review.

{¶ 5} Assignment of Error No. 1:

{¶ 6} CONSECUTIVE SENTENCES WERE CONTRARY TO LAW.

{¶ 7} Assignment of Error No. 2:

{¶ 8} THE REAGAN TOKES ACT IS UNCONSTITUTIONAL.

{¶ 9} In his first assignment of error, Tutt argues the trial court erred when it imposed consecutive sentences. Tutt's second assignment of error alleges the Reagan Tokes Law is unconstitutional. Critically, both assignments of error are beyond the scope of this court's limited remand. *See State v. Tomlinson*, 9th Dist. Summit No. 27181, 2014-Ohio-5019, ¶ 5.

{¶ 10} Tutt directly appealed his conviction and this court affirmed. We later permitted the reopening of the appeal because the trial court failed to comply with the Reagan Tokes notifications and remanded to the trial court for that limited purpose. After receiving the notification pursuant to our remand, Tutt's counsel attempted to raise new issues unrelated to the Reagan Tokes notifications. However, the scope of an appeal after

---

that it "is not clear" if a comprehensive final sentencing entry was required but that an "all-encompassing sentencing entry would not interfere with this court's ability to consider whether the trial court complied with the remand instructions." The magistrate noted that a trial court retains jurisdiction not inconsistent with a reviewing court's jurisdiction to reverse, affirm, or modify the judgment appealed, citing *Daloia v. Franciscan Health Service*, 79 Ohio St.3d 98, 1997-Ohio-402.

3. Although the trial court referred to its judgment entry as being done "nunc pro tunc," it was not technically a nunc pro tunc entry (meaning "now for then"). A nunc pro tunc entry is used retrospectively to correct clerical errors in a judgment so that the judgment reflects that which the court intended. *Darden v. Fambrough*, 8th Dist. Cuyahoga No. 99730, 2013-Ohio-5583, ¶ 6. In this case, there was no clerical error. Rather, we found it necessary to remand the case for Tutt to receive the Reagan Tokes notifications. The trial court's August 10, 2022 entry is an entry supplying the required notifications pursuant to this court's limited remand. This technical clarification does not otherwise impact the validity of the proceedings below.

receiving the notifications is limited to issues that arise during the notification hearing. *See State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, ¶ 30. A trial court's subsequent judgment entry cannot be used as a vehicle to reopen all other aspects of a case. An appellant may only challenge issues on appeal that arise from a hearing that took place upon remand. *Wilson* at ¶ 33; *State v. Jackson*, 12th Dist. Butler No. CA2011-08-154, 2012-Ohio-993, ¶ 11; *State v. Stubbs*, 6th Dist. Sandusky No. S-19-048, 2020-Ohio-4536, ¶ 20; *State v. McIntyre*, 9th Dist. Summit No. 27670, 2016-Ohio-93, ¶ 28; *State v. Carter*, 3d Dist. Allen No. 1-11-36, 2011-Ohio-6104, ¶ 13.

{¶ 11} In such circumstances, res judicata remains applicable because a defendant is not entitled to a "second bite at the apple." *Jackson* at ¶ 8; *State v. Bonnell*, 8th Dist. Cuyahoga No. 96368, 2011-Ohio-5837, ¶ 16. Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment. *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, ¶ 16-17. As the Ohio Supreme Court has emphasized:

> [P]ublic policy dictates that there be an end of litigation; that those who have contested an issue shall be bound by the result of the contest, and that matters once tried shall be considered forever settled as between the parties. * * * We have stressed that [the] doctrine of res judicata is not a mere matter of practice or procedure inherited from a more technical time than ours. It is a rule of fundamental and substantial justice, of public policy and of private peace, which should be cordially regarded and enforced by the courts.

*State v. Griffin*, 138 Ohio St.3d 108, 2013-Ohio-5481, ¶ 52 (internal quotations removed).

{¶ 12} Tutt's hearing upon remand was limited to the advisement of the mandatory

Reagan Tokes notifications. The new arguments that Tutt now raises could have and should have been raised earlier.[4] In his direct appeal, Tutt was aware that he had been sentenced to consecutive prison terms. He also could have contested the constitutionality of his Reagan Tokes indefinite sentence.[5] Tutt was not deprived of the opportunity to appeal his conviction and sentence. This court exercised its jurisdiction over his direct appeal and affirmed. *Tutt*, 2021-Ohio-96 at ¶ 19. Nothing about this court's limited remand altered the validity of Tutt's convictions or any other aspect of his sentence. It did not open the door for appellant to attack unrelated matters. *Jackson*, 2012-Ohio-993 at ¶ 10. Stated otherwise, Tutt was not entitled to be sentenced anew. *State v. Suber*, 12th Dist. Butler No. CA2020-09-099, 2021-Ohio-2291, ¶ 18; *State v. Pope*, 12th Dist. Butler No. CA2021-05-057, 2022-Ohio-426, ¶ 23; *State v. Hodgkin*, 12th Dist. No. CA2020-08-048, 2021-Ohio-1353.

{¶ 13} Accordingly, we find res judicata plainly bars the new issues that Tutt has raised in this appeal. The assignments of error that Tutt raises could have been litigated in his direct appeal and are outside the scope of this court's limited remand. As a result, Tutt's two assignments of error are overruled.

{¶ 14} Judgment affirmed.

S. POWELL, P.J., and BYRNE, J., concur.

---

4. Tutt also contends that the state "forfeited" any res judicata defense because it failed to object to the unrelated issues he attempted to inject into the limited hearing. However, courts are permitted to determine when an issue raised is barred by application of res judicata. *State v. Blankenburg*, 12th Dist. Butler No. CA2012-04-088, 2012-Ohio-6175, ¶ 6, fn. 2; *State v. Madden*, 10th Dist. Franklin No. 08AP-172, 2008-Ohio-2653, ¶ 7.

5. We also note that the supreme court has recently issued a decision finding the Reagan Tokes Law is constitutional. *State v. Hacker*, Slip Opinion No. 2023-Ohio-2535.