[Cite as *State v. Francis*, 2024-Ohio-5547.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

FAYETTE COUNTY

|  |  |  |  |
|---|---|---|---|
| STATE OF OHIO, | : | | |
| Appellee, | : | | CASE NO. CA2024-04-005 |
| | : | | O P I N I O N |
| - vs - | | | 11/25/2024 |
| | : | | |
| MARCUS J. FRANCIS, | : | | |
| Appellant. | : | | |

CRIMINAL APPEAL FROM FAYETTE COUNTY COURT OF COMMON PLEAS
Case No. CRI 20230098

Jess C. Weade, Fayette County Prosecuting Attorney, and Rachel S. Martin, Assistant Prosecuting Attorney, for appellee.

Steven H. Eckstein, for appellant.

**PIPER, J.**

{¶ 1} Appellant, Marcus Francis, was indicted by a Fayette County Grand Jury on one count of engaging in a pattern of corrupt activity and three counts of aggravated trafficking in drugs for his participation in a major drug enterprise involving the sale of methamphetamine. Appellant pled not guilty, and the court appointed appellant trial counsel.

**{¶ 2}** On February 28, 2024, appellant, while still being represented by counsel, filed multiple pro se motions. These included a motion to subpoena a witness, a motion to sever, and a motion for a change of venue.

**{¶ 3}** On March 4, 2024, the trial court denied appellant's pro se motions in an entry that stated the court does not recognize hybrid representation. On March 14, 2024, appellant pled no contest to the charges listed in the indictment. The trial court sentenced appellant to an aggregate prison term of 30-35.5 years. Appellant now appeals, raising a single assignment of error for review:

**{¶ 4}** DEFENDANT-APPELLANT WAS DENIED HIS CONSTITUTIONALLY GUARANTEED RIGHT TO EFFECTIVE HYBRID REPRESENTATION UNDER OHIO CONSTITUTION, ARTICLE 1, SECTION 10.[1]

**{¶ 5}** It is well established that a defendant does not have any right to "hybrid representation." *State v. Martin*, 2004-Ohio-5471, ¶ 31; *State v. Chisenhall*, 2024-Ohio-1918, ¶ 13 (12th Dist.); *State v. Terell*, 2022-Ohio-4312, ¶ 34 (6th Dist.); *State v. Wilson*, 2020-Ohio-2962, ¶ 56 (2d Dist.). "In Ohio, a criminal defendant has the right to representation by counsel or to proceed pro se with the assistance of standby counsel. However, these two rights are independent of each other and may not be asserted simultaneously." *Martin* at ¶ 32.

**{¶ 6}** In this appeal, appellant requests that we reconsider whether he should be entitled to hybrid representation under Article I, Section 10 of the Ohio Constitution, which states, in pertinent part "[i]n any trial, in any court, the party accused shall be allowed to appear and defend in person *and* with counsel." (Emphasis added). Appellant argues

---

1. We note, in hybrid representation, the defendant and counsel act as "co-counsel," sharing responsibilities in preparing and conducting the trial. This differs from "standby representation" where trial counsel assists an otherwise pro se defendant only upon the defendant's request or if the defendant is unable to or decides not to continue pro se. *State v. Obermiller*, 2016-Ohio-1594, ¶ 50, fn. 2.

that the conjunctive language of that constitutional provision suggests that the Ohio Constitution does guarantee the right to hybrid representation, relying on the reasoning set forth in a concurring opinion in *State v. Hackett*, 2020-Ohio-6699, ¶ 34 (Fischer, J., concurring). *See also State v. Parker*, 2022-Ohio-1285, ¶ 3 (Fischer, J., concurring).

**{¶ 7}** However, we find appellant's argument is without merit, as appellant never made any request that he be permitted to hybrid representation. *See State v. Pollard*, 2021-Ohio-2520, ¶ 10 (8th Dist.). Appellant merely filed a number of pro se motions that were rejected because hybrid representation is not permissible. Appellant never requested that he be permitted to proceed in a hybrid representation.[2]

**{¶ 8}** Appellant now argues for the first time on appeal that he was denied his "constitutionally guaranteed" right to hybrid representation. However, appellant never requested hybrid representation and it is well established that a party may not raise new issues for the first time on appeal. *See State v. Tutt*, 2021-Ohio-96, ¶ 8 (12th Dist.) ("It is well settled that issues not raised in the trial court may not be raised for the first time on appeal.").

**{¶ 9}** Moreover, the trial court's ruling was correct, as appellant was not entitled to hybrid representation. *Martin*, 2004-Ohio-5471 at ¶ 31 ("neither the United States Constitution, the Ohio Constitution nor case law mandates . . . hybrid representation"). Because appellant was at all times represented by counsel in this case, the trial court had

---

2. Unlike appellant our concurring opinion acknowledges that any argument that the text found in Article 1, Section 10 of Ohio's constitution creates a constitutional right to hybrid representation has been forfeited by appellant. Yet,the concurring opinion's analysis of the text found in the Ohio constitution could inadvertently lead a reader to believe such text is implicated in this case. It is not. However, to be clear we reject appellant's claim he was denied hybrid representation *only* because appellant *never* requested hybrid representation—appellant was, and still is, represented by counsel. Thus, the legal analysis offered has no support in the facts of *this* case. Appellant's argument was not overlooked nor can it merit serious consideration, not being properly presented. Without offering more, our concurring opinion questions whether there is supporting historical or legal sources from the time period in which Article 1, Section 10 was adopted which would aid the analysis. However, the existence of such remains speculative. We note even Justice Fischer has only asserted the plain text as supporting a constitutional right to hybrid representation.

no obligation to grant, rule on, or even consider, appellant's pro se motions. *Chisenhall*, 2024-Ohio-1918 at ¶ 13. Nor did the trial court have an obligation to allow appellant hybrid representation when it was never requested. We note that appellant does not argue any prejudice from the trial court not addressing the motions he filed while represented by counsel nor does appellant suggest his counsel was ever discharged.

{¶ 10} In brief response to Appellant's misapplied argument we would remind appellant the Ohio Supreme Court has expressly acknowledged the difference in the text found in the Ohio and federal constitutional provisions and has already determined Ohio's Article 1, Section 10, does not create a right to hybrid representation. *Martin*, 2004-Ohio-5471 at ¶ 22, 31. *See also, United States v. Cromer,* 389 F.3d 662, 681 fn. 12 (6th Cir. 2004) ("It is well settled that there is no constitutional right to hybrid representation."). While appellate counsel suggests a text-based argument in support of an independent, new constitutional right of hybrid representation, we must emphasize such an argument was never made before the trial court. Yet, even if such an argument had been made, not following clearly announced precedent of the Ohio Supreme Court is not within the discretion of a trial court. [3]

{¶ 11} Appellant's sole assignment of error is overruled.

{¶ 12} Judgment affirmed.

M. POWELL, J., concurs.

BYRNE, P.J., concurs separately.

---

3. We fault no advocate arguing for a change in the law, however, where appellant never requested hybrid representation and never declined the services of his attorney, this is not the proper case for advocacy in support of hybrid representation. Furthermore, we reject the concurring opinion's implication that Ohio courts are not open to arguments that the Ohio constitution recognizes rights and protections beyond those in our federal constitution; this court and other Ohio courts remain open to such arguments when properly presented.

**BYRNE, P.J., concurring in the judgment.**

{¶ 13} I agree with most of the majority's analysis, but I write separately because I disagree with some of the wording in the majority opinion, and in order to briefly address certain issues regarding Francis' argument under the Ohio Constitution.

{¶ 14} "Ohio courts should be open to arguments that, in some instances (whether in the criminal context or otherwise), the Ohio Constitution may recognize rights beyond those recognized by the United States Constitution." *State v. Downing*, 2024-Ohio-381, ¶ 62 (12th Dist.) (Byrne, J., concurring), citing *State v. Walton*, 2021-Ohio-3958, ¶ 38 (12th Dist.) (Byrne, J., concurring). As I explained in my concurrence in *Downing*,

> The need to conduct an independent analysis of the language of the Ohio Constitution always exists when parties present questions of first impression under both the state and federal constitutions. The two constitutions are, after all, separate legal documents. But the need for independent analyses is particularly acute when the federal and state constitutions address the same general topic but use *different language* to describe that topic. *See* Jeffrey S. Sutton, *51 Imperfect Solutions: States and the Making of American Constitutional Law*, 174, 177 (2018) ("There is no reason to think, as an interpretive matter, that constitutional guarantees of independent sovereigns, even guarantees with the same or similar words, must be construed in the same way. * * * There will never be a healthy 'discourse' between state and federal judges about the meaning of core guarantees in our American constitutions if the state judges merely take sides on the federal debates and federal authorities, as opposed to marshaling the distinct state texts and histories and drawing their own conclusions from them").

*Downing* at ¶ 63.

{¶ 15} Here, the federal and Ohio constitutions use different language to describe the right to counsel. The Sixth Amendment to the United States Constitution states, "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." Meanwhile, Article I, Section 10 of the Ohio Constitution contains more detailed language about the right to counsel, including, but not limited to,

a provision stating, "In any trial, in any court, *the party accused shall be allowed to appear and defend in person and with counsel . . . .*"  (Emphasis added.)

{¶ 16} This is not to suggest or conclude that the language in Ohio's constitution should necessarily be read as recognizing a right to hybrid representation.  In fact, the relevant quoted language in the state constitution could be read in at least two ways.

{¶ 17} First, the quoted language in Article I, Section 10 could be read as guaranteeing that an accused party has a right to both appear in court representing himself *pro se* and simultaneously be represented by an attorney.  This interpretation reads "and" conjunctively and would guarantee a right to hybrid representation—that is, the right of an accused to both represent himself *pro se* and to simultaneously be represented by an attorney.  *See State v. Childs*, 2010-Ohio-1814, ¶ 44 (12th Dist.) (describing hybrid representation).  This is the reading of the constitutional text that Francis urges us to adopt.

{¶ 18} Second, the quoted language in Article I, Section 10 could be read as guaranteeing two separate and distinct rights: (1) the right of an accused party to appear in court representing himself *pro se,* and (2) the right of an accused party to be represented by an attorney in court.  This interpretation reads "and" disjunctively and would not guarantee a right to hybrid representation.  While the word "and" generally is conjunctive, there are rare cases in which the word has been interpreted as disjunctive. *See Scalia & Garner*, *Reading Law: The Interpretation of Legals Texts* 116-119 (2012); *Gibbons-Barry v. Cincinnati Ins. Cos.*, 2002-Ohio-4898, ¶ 18 (10th Dist.) (holding that "and" is usually interpreted in the conjunctive);  *OfficeMax, Inc. v. United States*, 428 F.3d 583, 589-590 (6th Cir. 2005) (noting that courts interpret "and" disjunctively "only to avoid an incoherent reading of a statute").  *See, also Clagg v. Baycliffs Corp.*, 82 Ohio St.3d 277, 280, 1998-Ohio-414, quoting R.C. 1.02 (noting that in interpreting provisions of the

Revised Code, "and" may be interpreted disjunctively if the "sense requires it.").

{¶ 19} The Ohio Supreme Court has repeatedly held or stated that there is no right to hybrid representation. *State v. Martin*, 2004-Ohio-5471, ¶ 31, quoting *McKaskle v. Wiggins*, 465 U.S. 168 (1984) ("'[n]either the United States Constitution, the Ohio Constitution nor case law mandates . . . hybrid representation'"); *State v. Thompson*, 33 Ohio St.3d 1, 6-7 (1987) (same). But Francis points to multiple concurring opinions in which Justice Fischer has pointed out that in holding there is no right to hybrid representation, the Ohio Supreme Court appears not to have actually analyzed the text of Article I, Section 10 itself. *State v. Hackett*, 2020-Ohio-6699, ¶ 22-46 (Fischer, J., concurring); *03/23/2022 Case Announcements #5*, 2022-Ohio-796, ¶ 1-4 (Fischer, J., concurring); *State v. McAlpin*, 2022-Ohio-1567, ¶ 302-322 (Fischer, J., concurring). In those concurring opinions, Justice Fischer urged the Ohio Supreme Court to revisit its prior holdings regarding hybrid representation and squarely address the plain meaning of the text of Article I, Section 10. The Ohio Supreme Court is of course free to reexamine its previous decisions with regard to hybrid representations. As the Ohio Supreme Court has stated,

> "[T]he [Ohio] Constitution is the supreme law; it is the expression of the will of the people, subject to amendment only by the people, and neither the Legislature by legislative enactment, nor the courts by judicial interpretation, can repeal or modify such expression or destroy the plain language and meaning of the Constitution, otherwise there would be no purpose in having a constitution."

*State ex rel. Cincinnati Enquirer v. Bloom*, 2024-Ohio-5029, ¶ 46, quoting *Hoffman v. Knollman*, 135 Ohio St. 170, 181 (1939). *Accord State ex rel. One Person One Vote v. LaRose*, 2023-Ohio-1992, ¶ 23 (same).

{¶ 20} I pause here to note that in arguing against Francis' reading of the relevant text in Article I, Section 10, the state has focused on policy-based arguments about why

hybrid representation presents serious practical difficulties that should be avoided. For example, the state argues that "[i]f counsel and the defendant disagree on trial strategy, it could create ethics issues for counsel." It is unclear to me why the state made these policy-based arguments, because whether hybrid representation would now be beneficial or a procedural nightmare is irrelevant to whether the text and original meaning of the Ohio Constitution guarantees a right to hybrid representation.

{¶ 21} Francis, on the other hand, makes a text-based argument. Yet as I mentioned above, the text here could be read in two ways. To determine which reading of the text is the proper one, we would need to review legal or historical sources from the time the relevant text of Article I, Section 10 of the Ohio Constitution was adopted to determine its original meaning. In other words, are there sources from the time the text was adopted that would clarify how the average person would have understood the text? Francis cites no such sources, which would make the task of interpreting the text more difficult were we to address the issue.

{¶ 22} But, as the majority rightly points out, Francis did not raise any argument for hybrid representation under the Ohio Constitution before the court below and did not even file a motion specifically requesting hybrid representation. Francis therefore forfeited this argument, and it would be improper for us to decide the constitutional argument he has raised for the first time on appeal. *Tutt*, 2021-Ohio-96 at ¶ 8. Nor would a plain-error analysis assist Francis. The Ohio Supreme Court decisions stating that there is no right to hybrid representation mean that even if this court were to conclude that Francis is right about the Ohio Constitution's text, the trial court's "error" in not allowing him to proceed with hybrid representation would not be "plain." *State v. Fuell*, 2021-Ohio-1627, ¶ 70-71 (12th Dist.) (plain error must be "plain").

{¶ 23} For these reasons this is not the proper case for addressing the

constitutional argument Francis raises, nor even for determining whether the Ohio Supreme Court opinions addressing hybrid representation leave any room for courts to analyze the text-based argument raised by Francis and Justice Fischer. Those issues must first be addressed by a trial court. But it is worth recognizing that state constitutional arguments, which are often overlooked, merit serious consideration by courts when properly presented.

{¶ 24} I respectfully concur in the judgment.